UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-01407 PA (SHKx) | Date | July 20, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Heritage Tobacco, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Local Rule 83-1.3 provides that it "shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two of more civil cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges."  Local Rule 83-1.3 also states that the Notice of Related Cases "must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another."

    On July 18, 2023, plaintiff GS Holistic, LLC ("Plaintiff") initiated an action against defendants Heritage Tobacco, Inc. d/b/a Smoke Plus, Anton Barakat, and Hossam Barakat ("Defendants") for violations under the Lanham Act related to Plaintiff's Stündenglass trademarks.  Plaintiff's counsel did not file a Notice of Related Case and, on the Civil Cover Sheet, demarcated that this case is not related or identical to any previously filed action in this court.  However, on September 18, 2022, Plaintiff initiated a nearly identical case against the same Defendants, though the Defendants' business address and name differs slightly, in <u>GS Holistic, LLC v. Heritage Tobacco, Inc et al</u>, Case No. CV 22-6681 FLA (MARx).  That action was dismissed with prejudice.  (<u>See</u> Docket No. 24, Case No. CV 22-6681 FLA (MARx).)

    This is just one of many cases in which Plaintiff's counsel has failed to comply with the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders.  These consistent failures, which cause the Court to have to monitor the progress of Plaintiff's counsel's cases, issue Orders to Show Cause, track and review Plaintiff's counsel's Responses, and manage the Court's docket, unnecessarily tax the Court's limited resources.  Indeed, the Court has previously admonished Plaintiff and Plaintiff's counsel regarding its prior violations of the Federal Rules, the Local Rules, and the Court's Orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-01407 PA (SHKx) | Date | July 20, 2023 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Heritage Tobacco, Inc., et al. | | |

    The Court has also dismissed other actions filed by Plaintiff as a result of Plaintiff's failures to timely serve defendants under Rule 4(m), Plaintiff's insufficient efforts to diligently prosecute its actions, and Plaintiff's inadequate responses to orders to show cause.  In <u>GS Holistic, LLC v. Crown Smoke & Vape, Inc.</u>, Case No. CV 22-6110 PA (MARx), for instance, the Court repeatedly identified the procedural deficiencies in Plaintiff's filings and later ordered Plaintiff's counsel to submit a Declaration stating that he had reviewed the Local Rules.  Despite these lesser sanctions, Plaintiff and Plaintiff's counsel continued to violate the Local Rules and repeated some of the same filing errors the Court had repeatedly identified.  In that case, Plaintiff also failed to timely serve one of the defendants, and the Court eventually dismissed the action after Plaintiff missed several deadlines.  In dismissing that action without prejudice as a "lesser sanction," the Court warned that "[a]ny future violations of the Court's Orders, the Local Rules, or the Federal Rules of Civil Procedure by Plaintiff or Plaintiff's counsel in this or other actions pending in this Court will result in the issuance of an order to show cause why Plaintiff and Plaintiff's counsel should not be sanctioned."  Despite all of those warnings, Plaintiff's and Plaintiff's counsel's pattern of missing deadlines and violations of the Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure continue.

    Plaintiff and Plaintiff's counsel is ordered to show cause why they should not be sanctioned up to $4,000.00 for failing to file a Notice of Related Case as required by Local Rule 83-1.3 and for failing to identify this action as identical or related to Case No. CV 22-6681 FLA (MARx) on the Civil Cover Sheet.  Plaintiff's counsel is additionally ordered to identify any other case in which he has been ordered to show cause for failing to identify a related or identical case, and to show cause why this action should not be dismissed due to the earlier dismissal with prejudice.  The Response to this Order to Show Cause shall be filed no later than July 27, 2022.

    The Court is not a substitute for Plaintiff's counsel's ability to comply with the rules of procedure.  The continued violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders by Plaintiff and Plaintiff's counsel risk the imposition of additional and escalating sanctions, including referral of Plaintiff's counsel to the Court's Standing Committee on Discipline.

    IT IS SO ORDERED.